Matter of Irwin (2020 NY Slip Op 04743)





Matter of Irwin


2020 NY Slip Op 04743


Decided on August 26, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2019-10535

[*1]In the Matter of Stephen B. Irwin, admitted as Stephen Brian Irwin, an attorney and counselor-at-law. (Attorney Registration No. 2087369)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 27, 1988, under the name Stephen Brian Irwin. By order to show cause dated September 24, 2019, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the United States District Court for the Southern District of New York dated July 18, 2019.



Diana Maxfield Kearse, Brooklyn, NY (Sara Mustafa of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Stephen B. Irwin, Flushing, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
By order dated July 18, 2019, the United States District Court for the Southern District of New York (hereinafter the District Court) censured the respondent. The respondent was referred to the Committee on Grievances of the District Court by the Honorable Richard J. Sullivan, United States District Judge, who sanctioned the respondent $5,000 based on his conduct in Guo Qiang Xu v Umi Sushi, Inc. (No. 15-CV-4710 [RJS]) (hereinafter the Guo Qiang Xu action). As revealed in Judge Sullivan's opinion and order dated June 21, 2016 (hereinafter the sanction order), the underlying facts involve, inter alia, the respondent making false representations and misleading statements to the District Court about his connection with the Guo Qiang Xu action, his representation of the plaintiff in that action, his prior connections with two attorneys, his relationship with a disbarred attorney, and his acting at the behest of a disbarred attorney.
The Sanction Order 
On February 26, 2016, in the Guo Qiang Xu action, the District Court directed the plaintiff to file a response to the defendants' premotion letter regarding their contemplated motion for summary judgment and to explain why the plaintiff should not be sanctioned for failing to file a response, which was required under the court's Individual Rules and Practices. The court directed all counsel to appear on March 14, 2016.
The respondent appeared on the plaintiff's behalf on March 14, 2016, although the plaintiff's counsel of record was Min Hui Ye, who, according to the complaint, was an attorney with REP Law Associates (hereinafter the firm) in Flushing. The docket sheet for the action, however, indicated that Min Hui Ye was a solo practitioner. Min Hui Ye did not appear in court on March 14, 2016, and she had not filed a motion to be relieved as counsel of record. The respondent told the District Court that the firm had been retained in late 2015 to replace Min Hui Ye as the plaintiff's counsel, that he never met or worked with Min Hui Ye, and that she was not affiliated with the firm. The respondent stated that he was "of counsel" to the firm; he gave the court's clerk his business [*2]card bearing his name and the firm's name.
The respondent informed the District Court that because the parties had settled the action, he did not intend to file a notice of appearance and suggested that the court's prior orders and counsel's noncompliance with them were irrelevant. The court reminded the respondent that because the action was commenced under the Fair Labor Standards Act (hereinafter FLSA), the court would have to approve the settlement for fairness. The respondent, however, did not know the terms of the settlement. Defense counsel stated that the settlement was negotiated with the firm by email and that he believed that the person he emailed was an attorney named Clement A. Francis. The respondent stated that he knew Francis was an attorney associated with the firm, but that he had never met or worked with Francis on the the Guo Qiang Xu action or any other matter.
After further inquiry from the District Court, the respondent stated that he was directed to appear in court by Robert E. Porges, whom he described as a retired attorney who was no longer licensed to practice law. The respondent "reluctantly conceded" that Porges's retirement was prompted by disciplinary action.
On March 15, 2016, the District Court, sua sponte, issued an order to show cause and directed, inter alia, all parties to appear on April 5, 2016, and the respondent to submit a letter to the court beforehand explaining why he should not be sanctioned for failing to comply with the court's February 26, 2016, order and Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and why he should not be sanctioned in connection with his representation of the plaintiff, including his failure to enter a notice of appearance. The court also directed the respondent to clarify his involvement in the action, including whether he intended to represent the plaintiff.
The District Court later learned, through its own inquiry, that Porges was convicted of immigration fraud in that court and sentenced to an eight-year term of imprisonment. Porges was disbarred and removed from the rolls of the New York State courts and the federal immigration courts. The court also learned of other FLSA cases in that court involving the same attorneys—the respondent, Min Hui Ye, and Francis.
In response to the March 15, 2016, order to show cause, the District Court received, inter alia, a letter from the respondent and an unsolicited letter from Porges. In his letter, Porges described the firm, inter alia, as a service organization providing client referrals. Porges stated that the respondent had falsely advised the court that the respondent had no prior dealing with Min Hui Ye given that the respondent had appeared in federal court with her at least twice. In the respondent's letter, he contradicted his statements from the March 14, 2016, appearance by disavowing any relationship with the firm.
The respondent, among others, appeared in the District Court on April 5, 2016, and responded to the court's inquiries about his relationship to the action, the firm, and Porges, and his connection to Min Hui Ye and Francis.
Thereafter, on June 21, 2016, the District Court sanctioned the respondent $5,000. In the sanction order, the court explained, inter alia, that it was sanctioning the respondent for the following conduct: (1) not entering a notice of appearance before the March 14, 2016, conference and not providing the court with advance notice of his representation; (2) making false and misleading statements regarding his representation of the plaintiff, his relationship with the firm and Porges, and his prior connections to Min Hui Ye and Francis, specifically, by stating on March 14, 2016, that he had no prior connections to Min Hui Ye or Francis, but he had worked with both attorneys before the Guo Qiang Xu action; (3) falsely advising the court that Porges was retired even though the respondent later conceded that Porges had been disbarred as a result of his felony conviction; (4) stating that he was not getting paid for his work on the Guo Qiang Xu action, but later admitting on April 5, 2016, that he received $250 from Porges for the March 14, 2016, court appearance; and (5) being aware at all times that Porges was a convicted felon and a disbarred attorney.
The Respondent's Censure 
On August 30, 2018, the respondent received an order to show cause from the Committee on Grievances of the District Court informing him of the charges against him. In a written statement, he responded to the charges.
On February 13, 2019, the Committee on Grievances sustained the charges against the respondent and found that he violated the following Rules of Professional Conduct (22 NYCRR 1200.0): rule 3.3(a)(1) for making false statements to the District Court, rule 4.1 for making false [*3]statements to a third person, rule 8.4(c) for engaging in dishonesty, fraud, deceit, or misrepresentation, and rule 8.4(d) for engaging in conduct that is prejudicial to the administration of justice.
The respondent provided the Committee on Grievances with a written statement regarding the appropriate sanction.
By order dated July 18, 2019, the Committee on Grievances determined that censuring the respondent was the appropriate sanction to protect the public and the judicial system. The Committee on Grievances stated that "serious aggravating circumstances" were present, "including Respondent's selfish motive and his failure to acknowledge fully the wrongful nature of his conduct." Although the respondent admitted that he made misrepresentations to the District Court to avoid admitting that he was acting at the direction of a disbarred attorney, the respondent "continue[d] to . . . shift blame to Judge Sullivan for creating extremely hostile and confrontational conditions' at the March 14, 2016 hearing." The Committee on Grievances found meaningless the respondent's distinctions, namely, that he admitted to telling " half-truths'" and " misleading statements that can be considered false statements,'" but denied telling " blatant lies.'"
The Committee on Grievances considered the respondent's unblemished disciplinary record and his cooperative attitude toward the disciplinary proceeding as mitigating factors. The Committee on Grievances determined that the respondent's letter to the District Court on March 29, 2016, was not a mitigating factor because he sent it at the court's behest to clarify the record after he made false and confusing statements at the March 14, 2016, conference. While the respondent stated that he had " agonized over this incident,'" the Committee on Grievances found that any remorse he showed was limited to the effects that the sanction order and the disciplinary proceeding had on his personal and professional life.
Order to Show Cause 
By order to show cause dated September 24, 2019, this Court directed the respondent to show cause why discipline should not be imposed upon him pursuant to 22 NYCRR 1240.13 based on the misconduct underlying the discipline imposed by the order of the District Court dated July 18, 2019, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.
In response, the respondent submitted an affirmation requesting that this Court "impose a penalty of a warning'" upon him because he has already been censured in the District Court. Alternatively, he asks for the least severe penalty that is warranted.
Respondent states that he admitted making misleading statements to the District Court, but "many of the charges against [him] were false." He does, however, admit that he knew Porges was a disbarred attorney. He explains that Porges asked him "to appear [on March 14, 2016,] for another attorney," not for Porges. He states that he mistakenly told the court on March 14, 2016, that he was "of counsel" to the firm. He asserts that, although he tried to correct himself, he could not because the court asked him a "barrage of questions." Further, the respondent states that his March 29, 2016, letter to the court was voluntary and should have exonerated or mitigated any violation of rule 3.3(a)(1) of the Rules of Professional Conduct (22 NYCRR 1200.0) for making false statements to the court.
The respondent states that on April 5, 2016, he explained to the District Court that he knew Porges was a disbarred attorney, but the respondent was not an employee of the firm even though he had a "business card which made it appear so."
The respondent states that in his statement to the Committee on Grievances in response to the charges, he once again admitted that he knew Porges was a disbarred attorney. He asserts that he also stated that he had "never met, or worked with, the other two attorneys summoned to appear [before] Judge Sullivan."
The respondent states that he never appeared before the Committee on Grievances; thus, he disagrees with its conclusion that he is unapologetic. He explains that he does not blame anyone other than himself, and he tried to explain the reasons for his responses, not to blame Judge Sullivan. The respondent states that based on Judge Sullivan's demeanor on March 14, 2016, and April 5, 2016, Judge Sullivan would not have accepted an apology from him.
The respondent states that he has been in good standing with the Bar for more than 30 years and has never been subject to any other disciplinary proceeding. He states that his conduct did not adversely affect any party.
The respondent states that he has terminated any association with Porges and the firm.
In response, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts contends that the Committee on Grievances' order provides a permissible basis for this Court to impose discipline. The Grievance Committee argues, inter alia, that the respondent has not raised any defenses as enumerated under 22 NYCRR 1240.13.
Findings and Conclusion 
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted based on the findings of the District Court. In view of the circumstances of this case, the nature of the respondent's misconduct, his cooperation with the disciplinary proceeding, the monetary sanction imposed by the court, his termination of his relationship with Porges and the firm, the isolated nature of the incident, and the lack of a prior disciplinary history in a 32-year career of practicing law, we conclude that the appropriate sanction is a public censure.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Stephen B. Irwin,
admitted as Stephen Brian Irwin, is publicly censured for his professional misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court